# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

BARBARA A. MOORE, )
)
          Plaintiff, )
v. ) Case No. CIV-16-241-SPS
)
NANCY A. BERRYHILL, )
Acting Commissioner of the Social )
Security Administration,[1] )
)
          Defendant. )

## OPINION AND ORDER

The claimant Barbara A. Moore requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying her application for benefits under the Social Security Act. She appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons set forth below, the decision of the Commissioner is hereby REVERSED and the case remanded to the ALJ for further proceedings.

## Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

Social Security Act "only if h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do h[er] previous work but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: 1) whether the decision was supported by substantial evidence, and 2) whether the correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term "substantial evidence" requires "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). However, the Court may not reweigh the

---

[2] Step one requires the claimant to establish that she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id*. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account her age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

evidence nor substitute its discretion for that of the agency. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on June 13, 1964, and was fifty years old at the time of the administrative hearing (Tr. 41). She completed high school, and has previously worked as a personal care aide, cook, and assistant manager (Tr. 29, 238). The claimant alleges she has been unable to work since August 25, 2013, due to nerve damage, back pain, chronic obstructive pulmonary disease (COPD), emphysema, post-traumatic stress disorder, nervous condition, depression, bi-polar disorder, high blood pressure, menopause, and a heart condition (Tr. 237).

**Procedural History**

On March 26, 2013, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. Her applications were denied. ALJ James Bentley held an administrative hearing and determined the claimant was not disabled in a written decision dated December 24, 2014 (Tr. 19-31). The Appeals Council denied review, so the ALJ's written decision represents the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform less than the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), *i. e.*, she could lift/carry twenty pounds occasionally and ten pounds frequently, sit and stand/walk for six hours each in an eight-hour workday, but that she must have a sit/stand option, meaning a temporary change in position every twenty minutes, provided she did not leave the work space so as to not diminish pace or production. Additionally, he found that she could only occasionally stoop, kneel, crouch, and crawl, and she must avoid exposure to dust, fumes, odors, and poorly ventilated areas. Finally, he found that she was capable of only simple tasks with routine supervision, and that she was further limited to only occasional contact with co-workers, supervisors, and the general public (Tr. 24). The ALJ concluded that although the claimant could not perform her past relevant work, she was nevertheless not disabled because there was work she could perform, *i. e.*, small product assembler, electrical accessory assembler, and inspection packer (Tr. 29-31).

## Review

The claimant contends that the ALJ erred by: (i) failing to account for her need for portable oxygen and a cane, and (ii) failing to properly assess her credibility. The Court agrees that the ALJ erred in assessing the evidence as to the claimant's need for a cane, and the decision of the ALJ should be reversed and remanded.

The ALJ determined that the claimant had the severe impairments of major depression, anxiety disorder, panic attacks, psychosis, PTSD, bipolar syndrome, chronic

-4-

pain syndrome, obesity, and COPD, as well as the non-severe impairments of coronary artery disease, degenerative disc disease of the lumbar spine, degenerative joint disease of the right knee, and right knee sprain (Tr. 22). The medical evidence relevant to this appeal reveals that the claimant received treatment at Rowland Flatt Clinic, where treatment notes reflect the claimant was treated for COPD, dyspnea, and frequent wheezing (Tr. 453). On August 22, 2012, the claimant's O2 saturation was 96% on room air but she had coarse breath sounds throughout (Tr. 454). On March 11, 2013, the claimant was noted to be on oxygen due to an O2 saturation test (Tr. 420). The claimant was counseled about cigarette smoking and quitting, but was unwilling to do so (Tr. 551). A pulmonary function test performed on April 23, 2014 revealed a moderately severe obstruction (Tr. 568). Additionally, treatment notes at the Spinal Rehabilitation clinic also reflect the claimant complained of cough, shortness of breath, shortness of breath with exertion, and wheezing (Tr. 601).

The claimant was treated at Spinal Rehabilitation Associates and was noted to have full range of motion with flexion of back, but limited range of motion with extension of back, and had 5 degrees of range of motion of back with active extension (Tr. 465). In July 2013, the claimant indicated conditions of concern including pulmonary, musculoskeletal, and psychological (Tr. 517). An August 2013 x-ray of the right knee revealed minimal early osteoarthritis, and an MRI confirmed arthrosis but it was not considered significant enough to warrant knee replacement at that time (Tr. 478, 540, 626). She continued to receive treatment for knee pain, lumbosacral radiculopathy, chronic pain syndrome, and long-term use of high-risk medications (Tr. 513). Evidence

submitted to the Appeals Council supports the claimant's continued complaints of back and knee pain. On November 10, 2014, the claimant was again treated for her back pain and knee pain (Tr. 575-576, 600). Upon exam, her gait and station were overall normal, but she was assessed with backache, chronic pain syndrome, joint pain of the shoulder, lumbar radiculitis, and joint pain of the left leg, and she was prescribed a quad cane (Tr. 578). The treatment notes stated that the claimant "required the use of a quad cane" (Tr. 578),

State reviewing physicians determined the claimant could perform light work with no manipulative, postural, or environmental limitations (Tr. 82-83, 119-120).

At the administrative hearing, the claimant testified that she had a cane but did not "do well" with it because it did not provide enough balance, and that she had been given a prescription for a quad cane (Tr. 54). She also testified that she had been prescribed oxygen, and that she used inhalers at least twice a day (Tr. 60-61).

In his written opinion, the ALJ thoroughly summarized the claimant's hearing testimony, as well as much of the medical evidence. He noted the painful range of motion for the claimant's upper extremities and reduced range of motion, tenderness, and crepitation in the right knee (Tr. 26). He also noted the less than full range of motion of the lumbar spine, but found the claimant's musculoskeletal problems to be nonsevere because he determined they were mild in nature (Tr. 27). He further noted the treatment records related to steroid injections for the right knee and pain management. He noted that she was not treated by a pulmonologist and that she did not have a history of hospitalizations for her COPD, and that she had been prescribed oxygen but that her O2

was 96% on room air in 2012 and 95% on room air in 2014 (Tr. 27). He then did acknowledge the 2013 pulmonary function study showing moderately severe obstructions, but only in the context of indicating that she continued to smoke a pack of cigarettes a day (Tr. 28). He also indicated that he found she had failed to follow treatment because she had gained weight (Tr. 29). The ALJ did not address the claimant's testimony regarding needing a cane, nor did he have the opportunity to see the evidence that she was prescribed one, in finding that she could perform a limited range of light work.

Indeed, despite the evidence and testimony in the record before him, the ALJ did not address the claimant's need for an assistive device at all, and therefore made no findings regarding her use of a cane in relation to the RFC although she was asked at the administrative hearing about the prescription for her cane (Tr. 54). *See Staples v Astrue*, 329 Fed. Appx. 189, 191-192 (10th Cir. 2009) ("The standard described in SSR 96-9p does not require that the claimant have a prescription for the assistive device in order for that device to be medically relevant to the calculation of [his] RFC. Instead, [he] only needs to present medical documentation establishing the need for the device. The ALJ therefore erred in relying on [the claimant's] lack of a prescription for a cane."). *See also* Soc. Sec. Rul. 96-9p, 1996 WL 374185, at *7 (July 2, 1996). This indicates a deliberate attempt to pick and choose among the evidence to use only favorable portions in support of the ALJ's opinion. *See Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004) (noting that the ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence."), *citing Switzer v.*

*Heckler*, 742 F.2d 382, 385-86 (7th Cir. 1984) ("Th[e] report is uncontradicted and the Secretary's attempt to use only the portions favorable to her position, while ignoring other parts, is improper.") [citations omitted].

The Court's reason for reversal is bolstered by the additional evidence submitted to the Appeals Council, particularly the evidence regarding the claimant's prescription for a quad cane. The Appeals Council was required to properly consider this evidence if it was: (i) new, (ii) material, and (iii) "related to the period on or before the date of the ALJ's decision," *see Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004), *quoting Box v. Shalala*, 52 F.3d 168, 171 (8th Cir. 1995), but failed to do so here. Evidence is new if it "is not duplicative or cumulative," and this evidence qualifies as such. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003), *quoting Wilkins v. Sec'y, Dep't of Health & Human Svcs.*, 953 F.2d 93, 96 (4th Cir. 1991). Second, evidence is material "if there is a reasonable possibility that [it] would have changed the outcome." *Threet*, 353 F.3d at 1191, *quoting Wilkins*, 953 F.2d at 96. The evidence must "reasonably [call] into question the disposition of the case." *Id. See also Lawson v. Chater*, 83 F.3d 432, 1996 WL 195124, at *2 (10th Cir. April 23, 1996) (unpublished table opinion). Here, this evidence supports the serious nature of the claimant's back and knee pain, and limited ability to ambulate, and calls into question the ALJ's decision, particularly in light of the claimant's combination of impairments related to shortness of breath, walking, and obesity. In finding the claimant could perform the standing and walking requirements of light work, the ALJ relied, at least in part, on the limited evidence (or lack thereof) related to the claimant's use of a cane.

Finally, the evidence is chronologically relevant because it pertains to the time "period on or before the date of the ALJ's Decision." *Kesner v. Barnhart*, 470 F. Supp. 2d 1315, 1320 (D. Utah 2006), *citing* 20 C.F.R. § 404.970(b). The claimant meets the insured status through December 31, 2017, so all of the records are relevant to the claimant's condition as to the existence or severity of her impairments. *See Basinger v. Heckler,* 725 F.2d 1166, 1169 (8th Cir. 1984) ("[M]edical evidence of a claimant's condition subsequent to the expiration of the claimant's insured status is relevant evidence because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status."), *citing Bastian v. Schweiker,* 712 F.2d 1278, 1282 n.4 (8th Cir. 1983); *Boyd v. Heckler*, 704 F.2d 1207, 1211 (11th Cir. 1983); *Dousewicz v. Harris,* 646 F.2d 771, 774 (2d Cir. 1981); *Poe v. Harris,* 644 F.2d 721, 723 n. 2 (8th Cir. 1981); *Gold v. Secretary of H.E.W.,* 463 F.2d 38, 41-42 (2d Cir. 1972); *Berven v. Gardner,* 414 F.2d 857, 861 (8th Cir. 1969).

The evidence presented by the claimant after the administrative hearing thus *does* qualify as new and material evidence under C.F.R. §§ 404.970(b) and 416.1470(b), and the Appeals Council considered it (Tr. 2), so the newly-submitted evidence "becomes part of the record . . . in evaluating the Commissioner's denial of benefits under the substantial-evidence standard." *Chambers*, 389 F.3d at 1142, *citing O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994). The ALJ had no opportunity to perform the proper analysis, and while the Appeals Council considered this new evidence, they failed to analyze it in accordance with the aforementioned standards.

In light of this new evidence, the Court finds that the decision of the Commissioner is not supported by substantial evidence because the ALJ may not have had the opportunity to perform a proper analysis of the newly-submitted evidence in accordance with the authorities cited above, and the Commissioner's decision must therefore be reversed and the case remanded for further proceedings. On remand, the ALJ should properly evaluate *all* the evidence in the record. If the ALJ's subsequent analysis results in any changes to the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether she is disabled.

The claimant also asserts that the ALJ's errors regarding these opinions affected his credibility analysis. Since the ALJ's opinion was issued, the Social Security Administration eliminated the term "credibility" in Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (Mar. 16, 2016), and has provided new guidance for evaluating statements pertaining to intensity, persistence, and limiting effects of symptoms in disability claims. "Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007) (*quoting Sloan v. Astrue*, 499 F.3d 883, 889 (8th Cir. 2007). In light of the ALJ's earlier-identified errors that require reversal, the Court finds that remand for proper analysis under the new guidance would likewise be advisable here.

Because the ALJ failed to properly conduct an analysis of the evidence and the claimant's RFC, the decision of the Commissioner should be reversed and the case remanded to the ALJ for further analysis. If such analysis results in any adjustments to

the claimant's RFC, the ALJ should re-determine what work the claimant can perform, if any, and ultimately whether he is disabled.

## Conclusion

In summary, the Court FINDS that correct legal standards were not applied by the ALJ, and the Commissioner's decision is therefore not supported by substantial evidence. The Commissioner's decision is accordingly REVERSED and the case REMANDED for further proceedings consistent herewith.

**DATED** this 22nd day of September, 2017.

_____

**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**